UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH RAY LEWIS,

       Plaintiff,

vs.                              CASE NO. 3:05-cv-1323-J-33HTS

MICHAELS STORES, INC.,
a Delaware corporation,

       Defendant.
_____

**O R D E R**

This cause is before the Court on Defendant's Motion to Determine Sufficiency of Plaintiff's Objections to Request for Admission Nos. 2-6 and 8-17 (Doc. #28; Motion), filed on May 14, 2007. The Motion is opposed. *See* Plaintiff's Response to Defendant's Motion to Determine Sufficiency of Plaintiff's Objections to Requests for Admissions Nos. 2-6 and 8-17 (Doc. #34; Opposition), filed on May 30, 2007.

Defendant seeks a determination as to the sufficiency of Plaintiff's objections to fifteen requests for admission and to have those matters admitted. *See* Motion at 1, 8. "In the alternative, [it] seeks an Order requiring Plaintiff to serve amended answers to its requests for admissions." *Id.* at 4. As

Plaintiff's objections to the various requests can be broken down into four categories, the Court will address them as such and in turn.

   **1.   REQUESTS 9, 10, 17**

Plaintiff's objections to these three requests largely center around their characterization of him having been *found* seated in the break room before he had clocked out on the night of January 8, 2005. *See* Plaintiff's Responses to Defendant's Second Request for Admissions, attached to the Motion as Exhibit A (Responses), at [externally numbered] 26, 27, 31.  Mr. Lewis contends this wording implies "Plaintiff was hiding in the break room before he had completed his work assignment."  Opposition at 3.

"A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer[.]" *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968 (3d Cir. 1988) (internal quotation marks omitted).  "[A] party demanding admissions is required to set forth its requests simply[ and] directly, not vaguely or ambiguously[.]" *Treister v. PNC Bank*, No. 05-23207-CIV, 2007 WL 521935, at *2 (S.D. Fla. Feb. 15, 2007).  "Statements that are vague, or statements susceptible of more than one interpretation, defeat the goals of Rule 36 and are properly objectionable." *Honeycutt v. First Fed.*

*Bank*, No. 02-2710 M1/V, 2003 WL 1054235, at *1 (W.D. Tenn. Mar. 5, 2003).

Yet, some circumstances call for a qualified response. *See* Rule 36(a), Federal Rules of Civil Procedure (Rule(s)) ("[W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."); *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77-78 (N.D.N.Y. 2003) ("Generally, qualification is permitted if the statement, although containing some truth, . . . standing alone out of context of the whole truth . . . convey[s] unwarranted unfair references." (internal quotation marks omitted)). Here, Defendant's use of the word *found*, while in one sense conveying merely that Plaintiff was encountered or located, could be interpreted as suggesting Mr. Lewis was hiding in the break room when discovered. Thus, it would be permissible for Plaintiff to qualify his response in order to dispel any impression he admits to the latter, such as by clarifying "that Plaintiff . . . was [,prior to clocking out,] in the break room awaiting further instructions from Mr. Zimmerman, per the custom and practice in the store he worked in." *See* Responses at [externally numbered] 26. This qualification would also be permissible in regard to other requests using the word *found* to describe the same event related in Request 9. Still, the sentence included in the response to Request 9

concerning completion of recovery assignments is unnecessary and so should be omitted in an amended submission.

Request 10 asks Plaintiff to admit that, when found, he "stated that [he was] waiting to go home[.]" *Id.* at [externally numbered] 27. The response does not directly address the substance of this assertion, but instead offers several irrelevant observations, and concludes with "[o]therwise denied." *Id.* Logically read, then, the response denies the truth of the description contained in the request. Due to the extraneous matter, Plaintiff will be directed to revise his response in compliance with Rule 36.

It is also noted Request 10 improperly contains an interrogatory cloaked as a request for admission insofar as it directs Plaintiff to provide additional information if he denied the request. *See In re Olympia Holding Corp. v. Belt Concepts of Am., Inc.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) (request for admission requiring party to explain basis for denial of request amounts to an interrogatory and "[r]equests for admissions and interrogatories are not interchangeable procedures"); *see also In re Katrina Canal Breaches*, Civil Action No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) ("[R]equests for admissions are not principally discovery devices . . . and they are not to be treated as substitutes for discovery processes to uncover evidence." (first alteration in original) (internal quotation marks

omitted)); 8A Charles Alan Wright et al., Federal Practice & Procedure § 2253 (2d ed. 1994) ("A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.").

The last item of this group, Request 17, seeks an admission that, when Mr. Lewis was found in the break room "with Penny and Janel," Mr. Zimmerman "called [them] shoplifters and th[ieves.]" Requests at [externally numbered] 31.  Plaintiff fails to address whether Penny and Janel were present or accused of anything. He does, however, along with improperly supplying additional alleged facts, allude to the presence of "other employees[.]"  *Id.*  Further, he admits "Mr. Zimmerman . . . accused him of stealing and of being a thief[.]"  *Id.*  If Plaintiff could not despite reasonable efforts determine whether the individuals specified were present or accused of being thieves/shoplifters, he should have so stated.  Accordingly, Mr. Lewis will be required to serve an amended response omitting unnecessary contentions and either admitting the accuracy of the request as it concerns Penny and Janel or properly indicating a lack of knowledge.

    **2.   REQUESTS 3, 4, 11-16**

Defendant argues that in his responses to these eight requests for admissions, "Plaintiff states that the documents are the best evidence of what those documents state[ and s]uch responses are inappropriate." Motion at 13.  Plaintiff explains these requests

are duplicative of his deposition testimony and that for Defendant to seek the admission of "only some of the facts" in his statement to the Equal Employment Opportunity Commission (EEOC), "taken out of context, is improper."  Opposition at 9-10.  In each of his responses Plaintiff also states that he "objects . . . to the admissibility of any parts of his statements to [the] EEOC, unless his entire EEOC file is admitted into evidence, and unless EEOC personnel are called to testify about [the] full content of Plaintiff's representations to that agency."  Responses at [externally numbered] 23-24, 27-31.

Here, Plaintiff is being asked to admit the actual veracity of statements he made to the EEOC.  The objection that "any documents he sent to the EEOC are the best evidence of what those documents state[,]" aside from being improper even where a party is simply being asked to admit a document contains certain material,[1] is completely unresponsive in the present context.  The requests do not seek Mr. Lewis's admission that he actually made those statements to the EEOC, but that when he did so, he was speaking truthfully.

---

[1] "[A]s a statement of a document's text is a matter of fact, a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document . . . may not be ignored on the ground . . . that the document in question 'speaks for itself.'" *Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000); *see also Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) ("[I]f [a] request for admission quotes a document[] and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not.  The tautological 'objection' that the finder of fact can read the document for itself to see if the quote is accurate is not a legitimate objection but an evasion of the responsibility to either admit or deny a request for admission[.]").

The objection concerning failure to attach EEOC statements referenced in the requests is not entirely persuasive, either. Rule 36(a) states that "[c]opies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying." Here, Defendant states "[t]he documents which contain the statements at issue in these requests have been produced through discovery in this case and, as such, plaintiff has a copy of such documents readily available to him." Motion at 14. Plaintiff does not dispute this in the Opposition. Consequently, Defendant will not be faulted for its failure to attach the papers to the requests. Still, concerning Request 16, which seeks to have admitted the truth of "all statements authored by [Mr. Lewis] and submitted to the EEOC" related to his charge, the Court is of the view such statements should be identified to avoid the potential for confusion or error as to the precise scope of the request. To be effective, then, Request 16 would require revision.

In sum, Plaintiff's objections to Requests 3, 4, and 11-15 are meritless and the Court will order that amended answers to these requests be served.

**3. REQUEST 8**

Plaintiff explicitly denied Request 8, stating that he "did not refer to any 'prescription for medication' on January 8, 2005[.]" Responses at [externally numbered] 26. Such a response

is acceptable under Rule 36. While Defendant asserts "Plaintiff is again attempting to focus on the semantics of the term 'prescription for medication' in an unjustifiable attempt to divert attention away from the substance of the request[,]" Motion at 15, Plaintiff does not indicate, as he does in his responses to Requests 9, 10 and 17, that he has any particular disagreement with the wording of the request. Nor does he go on to admit that related or alternate events occurred. He simply denies the request.

**4.   REQUESTS 2, 5, 6**

Finally, Defendant challenges Mr. Lewis's responses to three requests wherein he objected on the grounds he was being asked to admit the truthfulness of another person's statements in the sense he was being asked to verify that person's motive or intent.

The Court does not agree that the requests seek Plaintiff's subjective interpretation of the motives of any third party. Rather, he is being asked to admit the objective truth of the statements made. It appears he is in a position to answer these requests, as they purportedly relate to statements he gave. Therefore, the objections to these requests are deemed insufficient and Plaintiff will be ordered to provide amended responses that comply with Rule 36. However, it is noted that with respect to Request 2, he will not be required to respond to that portion

seeking additional information in the event he denies the request. *See* part 1, *supra* (discussing Request 10).

## CONCLUSION

In light of the foregoing, the Motion (Doc. #28) is **GRANTED** to the extent Plaintiff shall, on or before July 20, 2007, serve amended responses as discussed herein.  As to Request 16, Defendant has until July 20, 2007, within which to make the revisions contemplated by this Order and effect service.  Should Defendant do so, Plaintiff would then have five (5) days to submit his response. Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of July, 2007.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
      pro se parties, if any