UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH RAY LEWIS,

                Plaintiff,

vs.                              Case No. 3:05-cv-1323-J-33MMH

MICHAELS STORES, INC.,

                Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Corrected Motion for Reconsideration of Order Partially Granting Summary Judgment on Constructive Discharge Claim (Doc. # 60), filed on August 14, 2007. On August 31, 2007, Defendant filed its Response in Opposition to Plaintiff's Motion for Reconsideration (Doc. # 71). Defendant also filed Michaels Stores, Inc.'s Second Amended Motion for Reconsideration and/or Clarification (Doc. # 68) on August 24, 2007. Plaintiff moved to Strike Defendant's Motion for Reconsideration (Doc. # 69) on August 24, 2007, and Defendant filed its Response in Opposition to Plaintiff's Motion to Strike on September 13, 2007 (Doc. # 72).

Upon due consideration and for the reasons that follow, the Court denies all of the pending motions.

**I.**    **Background**

On December 23, 2005, Plaintiff filed a complaint against his former employer, Defendant Michaels Stores, Inc., containing the

following counts: (I) gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"); (II) gender discrimination under the Florida Civil Rights Act, § 760.10 ("FCRA"); (III) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623 (ADEA); and (IV) age discrimination under the FCRA.

Plaintiff's complaint contained the following general allegations against Defendant:

> Plaintiff was employed by Defendant in St. Augustine, Florida, where he worked as a floral designer. Defendant's acting store manager, at all times, material, was Daniel Zimmerman who, upon information and belief, is substantially younger than Plaintiff. Mr. Zimmerman regularly told Plaintiff that he should quit or resign, and repeatedly told Plaintiff that he did not belong in his position, because it was a position that should be held by a woman. Mr. Zimmerman had Plaintiff train a substantially younger woman to perform Plaintiff's job duties. Plaintiff complained to the defendant's human resources department, on more than one occasion, reporting that he was being discriminated against and harassed by Mr. Zimmerman, on account of his age and gender. Plaintiff suffered physical sickness and injury, namely shingles, as a result of the mental distress and emotional anguish . . . . Plaintiff's condition required medical treatment and the Defendant was aware of his condition. Mr. Zimmerman learned of Plaintiff's complaints to human resources, and ridiculed Plaintiff for having made them. Mr. Zimmerman also began to retaliate against Mr. Lewis because of Plaintiff's lawful complaints about Zimmerman's illegal discrimination. Plaintiff renewed his complaints to human resources, but to no avail, as Mr. Zimmerman's retaliation, harassment, and discrimination continued, unabated. Plaintiff was thereafter falsely accused of "stealing time" from Defendant, as a pretextual reason to discipline him. Plaintiff's working conditions became so intolerable that a reasonable person in Plaintiff's shoes would have felt compelled to quit. Plaintiff was compelled to quit, which he did on or about January 10, 2005. Immediately

      upon Plaintiff's termination, the Defendant replaced him
      with a substantially younger female.

(Doc. # 1 at ¶ 15-26).

On May 22, 2007, Defendant filed its motion for summary judgment (Doc. # 31) and Plaintiff filed his response in opposition on June 21, 2007 (Doc. # 42). After reviewing the evidence, this Court entered an Order on August 3, 2007 (Doc. # 58) which categorized all of Plaintiff's claims as either (1) claims for discrimination or (2) claims for retaliation (Doc. # 58 at 10). This Court granted summary judgment in favor of Defendant on all of Plaintiff's discrimination claims and denied summary judgment as to all of Plaintiff's retaliation claims. (Doc. # 58 at 34).

    **A.**   **<u>Discrimination</u>**

In reaching its decision, this Court determined that, in order for Plaintiff to assert a prima facie class of employment discrimination, Plaintiff was required to establish (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was replaced by someone outside his protected class or was treated less favorably than a similarly situated person outside his protected class. (Doc. # 58 at 13). This Court determined that Plaintiff could not demonstrate the third prong of his prima facie case, that he was the subject of an adverse employment action. Specifically, this Court determined that the January 10, 2005, warning memorandum Zimmerman placed in Plaintiff's file did not

constitute a discriminatory adverse employment action. (Doc. # 58 at 16) (citing <u>Davis v. Town of Lake Park, Fla.</u>, 245 F.3d 1232, 1241-1242 (11th Cir. 2001) ("Courts are wisely reluctant to treat job performance memoranda as actionable under Title VII where they do not trigger any more tangible form of adverse action such as a loss in benefits, ineligibility for promotional opportunities, or more formal discipline.")).

Further, this Court determined that the "[f]actual circumstances in the instant case preclude the possibility of a jury reasonably finding that Michaels constructively discharged Lewis." (Doc. # 58 at 17-18). This Court explained the "allegations are primarily limited to approximately three 'woman's work' comments, one 'old faggot' comment, and one age-related comment, other derogatory comments, being assigned tasks he had volunteered to perform in the past that were commonly shared by all employees, other workplace acrimony, and the written warning memorandum issued by Zimmerman. Even considered in the light most favorable to Lewis, this evidence is insufficient to present a jury question as to whether the conditions were objectively intolerable." (Doc. # 58 at 18). In addition, this Court properly took into consideration the fact that Plaintiff resigned before Michaels had an opportunity to fully investigate Plaintiff's allegations against Zimmerman. Determining that Plaintiff's allegations did not support a prima facie discrimination action,

this Court granted summary judgment in favor of Defendant as to Plaintiff's discrimination claims.

**B.     Retaliation**

This Court thereafter analyzed Plaintiff's retaliation claims, determining that a prima facie case of retaliation required a showing that (1) Plaintiff engaged in statutorily protected expression; (2) Plaintiff suffered an adverse employment action; and (3) there was a causal connection between the two events. (Doc. # 58 at 23-24).

This Court found that the evidence supported Plaintiff's prima facie retaliation case sufficiently to survive summary judgment because Plaintiff engaged in statutorily protected expression when he called the hotline and complained about Zimmerman's conduct. Further, this Court determined that a reasonable jury could find that Zimmerman's complained-of actions constituted an adverse employment action.[1]  Last, this Court determined that "the temporal proximity between Zimmerman's evidenced knowledge of Lewis' complaints and the warning is sufficient to permit the inference that the reprimand was not wholly unrelated to retaliatory purposes." (Doc. # 58 at 28).

---

[1] This Court explained, "the Supreme Court has recently provided that the standards for finding adverse employment action in discrimination and retaliation claims are not the same. Namely, the Supreme Court held that the threshold for finding materially adverse employment action is less substantial for retaliation claims." (citing Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405, 2414 (2006)).

5

Accordingly, summary judgment in favor of Defendant was granted as to Plaintiff's discrimination claims was denied as to Plaintiff's retaliation claims.

## II.  Pending Motions for Reconsideration and Motions to Strike

Plaintiff seeks reconsideration of this Court's finding that a reasonable jury could not find that Michaels constructively discharged Lewis.  Plaintiff does not contest any other aspect of this Court's summary judgment order.

Defendant, on the other hand, requests that this Court reconsider its ruling as to Plaintiff's retaliation claims, seeking an order granting summary judgment in favor of Defendant as to all of Plaintiff's claims.

In addition to seeking reconsideration of this Court's summary judgment order, Plaintiff also seeks an order striking Defendant's motion for reconsideration as untimely, and in the alternative, seeks a more definite statement of Defendant's motion for reconsideration. (Doc. # 69).  This Court denies Plaintiff's motion to strike because, although Defendant filed three versions of its motion for reconsideration, Defendant filed the first version of its motion for reconsideration on August 13, 2007, well within the ten day window in which to file a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  Further, Defendant asserts that it amended its motion for reconsideration on Plaintiff's insistence and in an attempt to work with Plaintiff to narrow the

issues presented on reconsideration.  This Court will therefore excuse the fact that Plaintiff's third version of the motion for reconsideration was filed outside of the ten day window for purposes of Federal Rule of Civil Procedure 59(e) because the third version is almost identical to the first version, which was filed timely.  Further, this Court denies Plaintiff's motion for a more definite statement of Defendant's motion for reconsideration. Defendant's motion for reconsideration is clear and specific. There is no need for further clarification.  As such, this court declines to strike Defendant's motion and is ready to enter its ruling on the respective motions for reconsideration.

### III. **Legal Standard**

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Federal Rule of Civil Procedure 60(b)(motion for relief from judgment). <u>Furmanite America, Inc. v. T.D. Williamson, Inc.</u>, 6:06-cv-641-Orl-19JGG, 2007 U.S. Dist. 31429, *5-6 (M.D. Fla. April 30, 2007), (citing <u>Region 8 Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 n.5 (11th Cir. 1993)). Federal Rule of Civil Procedure 59(e) states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Federal Rule of Civil Procedure 60(b) states,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28,U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

"The decision to grant a motion for reconsideration under either rule is committed to the sound discretion of the Court and will not be overturned on appeal absent abuse of discretion." Furmanite America, Inc., 2007 U.S. Dist. LEXIS 31429 at *6. See also O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)(A trial court's denial of a motion for reconsideration is reviewed for an abuse of discretion).

Further, as stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

This Court recognizes three basic grounds to justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11 (citation omitted).

### A.   <u>Constructive Discharge Finding</u>

Plaintiff moves this Court, under Federal Rule of Civil Procedure 59(e), to reconsider its ruling that no jury could reasonably find that Plaintiff was constructively discharged by Michaels.

In this case, Plaintiff has failed to demonstrate that there has been an intervening change in controlling law.  In addition, Plaintiff has not pointed to any new evidence.  Further, Plaintiff have not argued that reconsideration is needed to correct clear error.  Instead, Plaintiff has essentially rehashed the arguments found in his response to Defendant's motion for summary judgment.

As Plaintiff's argument merely consists of a restatement of the facts of this case and an attempt to distinguish the cases utilized by the Court in rendering its decision, Plaintiff's motion for reconsideration is denied.  This Court stands behind its ruling with regard to constructive discharge and denies Plaintiff's motion for reconsideration.

### B. Retaliation Claim

Defendant seeks an order of this Court granting summary judgment in favor of Defendant in toto.  Defendant argues that Plaintiff failed to cite to record evidence that he engaged in a protected activity (Doc. # 68 at 6).  It is not disputed that Plaintiff received Zimmerman's discipline report on January 10, 2005. Defendant asserts that Plaintiff did not engage in protected activity because Plaintiff did not complain to the hotline with regard to actionable conduct by Zimmerman until after he received the discipline report.[2]  Plaintiff asserts that he was disciplined

---

[2] Defendant states in its motion for summary judgment, "Although Lewis called Michaels' hotline on January 2, 2005, his complaints concerned personality conflicts and workplace acrimony;

10

<u>after</u> complaining about Zimmerman's conduct.³  Defendant, on the other hand, asserts that Plaintiff was first disciplined and then began complaining about Zimmerman's conduct.  There is an issue of fact as to the exact timing of when Plaintiff complained about Zimmerman's conduct--to the hotline, to members of Michaels' management team, and to Michaels' HR department.  There is also an issue of fact as to whether Zimmerman disciplined Plaintiff in a retaliatory manner in response to Plaintiff's complaints.  Summary judgment in favor of Defendant with respect to Plaintiff's retaliation claims is therefore inappropriate.

In addition, Defendant asserts that Plaintiff failed to present record evidence that his single discipline report produced injury or harm or would likely dissuade a reasonable person from filing or supporting a charge of discrimination.  Along the same

---

he never mentioned alleged harassment or discrimination." (Doc. # 31 at 22-23).

   ³ During his deposition, Plaintiff testified that he made numerous complaints to management about Zimmerman's age-related and gender-related remarks and complained "daily" to Ms. Terry Nelson, formerly known as "Debbie Reynolds", the store manager, until on or about December 19, 2004. (Doc. # 42-8, Lewis Depo. at 97-98). Plaintiff testified, "even while Debbie Reynolds was there, I complained to her on a daily basis.  I followed all the procedures that I possibly could, from dialing the 800 number, to confronting my district manager, to bringing this information to my store manager.  I did everything that I could possibly do as far as complaining about Dan [Zimmerman's] actions." (<u>Id.</u> at 97). Plaintiff also testified that he complained about Zimmerman to Dennis Bailey on January 8, 2005. (<u>Id.</u> at 102).  Plaintiff's testimony reflects that he complained to Bailey that Zimmerman was calling Plaintiff names such as "drama queen" and "old faggot." (<u>Id.</u> at 105).

11

lines, and within the motion for reconsideration, Defendant requests clarification from this Court as to its summary judgment order.  Specifically, Defendant states:

> In the Court's Order denying Defendant's Motion, the Court found the single discipline report issued to Plaintiff could constitute a material adverse action. As stated in White, "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." White, at 2414.  In this context, "a Plaintiff must show that a reasonable employee would have found the challenged action materially adverse, . . . which means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" White, at 2410-11.
> The Court held a jury could find the warning on the face of the discipline report which reinforces Defendant's policies that further violations of work place policy may result in further disciplinary actions including termination, could dissuade a reasonable employee from making or supporting a charge of discrimination (Doc. # 58, p. 26).  In this case, Plaintiff clearly was not dissuaded from pursuing his claim.  As such, Defendant respectfully requests clarification on the possible injury or harm produced by the discipline report.  This is of utmost importance as any claim of injury or harm by Plaintiff is directly tied to damages in this case.

(Doc. # 68 at 20)

Defendant correctly notes that the disciplinary report issued to Plaintiff did not dissuade him from pursuing a claim.  However, the inquiry is not whether the Plaintiff in this very case, Joseph Lewis, was dissuaded from bringing a claim, the proper inquiry is whether a reasonable employee would be dissuaded from brining a claim.  If Defendant's argument were effective, no retaliation claim filed by a plaintiff in federal court could survive.  This

12

Court does not adopt Defendant's circular reasoning on this point and further notes that the Plaintiff in <u>White</u> convinced the United States Supreme Court that her employer engaged in unlawful retaliation despite the fact that she was not dissuaded from bringing a claim, and in fact filed a charge with the EEOC and a complaint in federal court. 126 S. Ct. 2405 at 2409-2410. Although <u>White</u>, as an individual worker, was not dissuaded from asserting her rights, the United States Supreme Court evaluated the conduct of her employer and determined that the actions taken by her employer might well have dissuaded a reasonable worker from making or supporting a charge of discrimination with the EEOC.

The evidence supports Plaintiff's case at the prima facie level, and multiple questions of fact exist for the jury to resolve, precluding summary judgment on Plaintiff's retaliation claim. Defendant's motion for reconsideration and clarification is accordingly denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Corrected Motion for Reconsideration of Order Partially Granting Summary Judgment on Constructive Discharge Claim (Doc. # 60) is **DENIED**.

(2) Michaels Stores, Inc.'s Second Amended Motion for Reconsideration and/or Clarification (Doc. # 68) is **DENIED**.

(3) Plaintiff's Motion to Strike Defendant's Motion for

Reconsideration (Doc. # 69) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>7th</u> day of November 2007.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

14